■ In the Matter of CARL GINSBERG et al., Respondents, v ANNIE LARRALDE, an Alleged Incapacitated Person, Appellant, et al., Respondents. [874 NYS2d 24]—

Order and judgment (one paper), Supreme Court, New York County (William P. McCooe, J.), entered December 31, 2007, which, inter alia, appointed a temporary guardian of the property of respondent Annie Larralde, an alleged incapacitated person, and awarded fees to the temporary guardian of the person and his representative in France, unanimously affirmed, without costs. Order, same court and Justice, entered December 31, 2007, which, inter alia, and referred for a hearing the issue of the fair and reasonable value of petitioners' attorneys' fees, unanimously affirmed, without costs.

While traveling in France, the alleged incapacitated person (AIP) suffered a stroke and was hospitalized, first in Paris and then in Uzes, France. Upon the Uzes hospital's application, the County Court of Uzes appointed a guardian for the AIP, with primary focus on the management of her assets. Contrary to the AIP's contention, the motion court did not err in accepting the French court's findings as her need for a guardian in determining that the appointment of a temporary guardian in New York was necessary (*compare* Mental Hygiene Law § 81.23 [a] [1] [temporary guardian may be appointed "upon showing of danger in the reasonably foreseeable future to the health and well being of the alleged incapacitated person, or danger of waste, misappropriation, or loss of the property of the alleged incapacitated person"] *with* Mental Hygiene Law § 81.02 [a] [2] [(permanent) guardian may be appointed upon determination that person is incapacitated, which determination "shall be based on clear and convincing evidence"]; *see Matter of Sulzberger*, 159 Misc 2d 236, 238 [1993]). Moreover, the record establishes that the stroke severely compromised the AIP's ability to communicate with others and therefore to manage her property, and the court limited the powers of the temporary guardian to preserving the AIP's estate and paying her obligations.

The statutorily required showing having been made, the court did not err in appointing the temporary guardian without holding a hearing (Mental Hygiene Law § 81.23 [a] [1]; *see generally Matter of Hoffman*, 288 AD2d 892 [2001]; *Matter of Astor*, 13 Misc 3d 862, 864-865 [2006]). Nor did the court improperly dispense with the appointment of a court evaluator (*see* Mental Hygiene Law § 81.10 [g]). The court-appointed temporary guardian of the AIP's person in turn appointed an individual to represent the AIP's interests in France, and the AIP was represented by counsel of her own choosing at all stages of the proceeding (*see Matter of Sulzberger*, 159 Misc 2d 236, 240-241 [1993]).

In view of our finding that the temporary guardian of the property was properly appointed in the absence of a hearing, the AIP's remaining contention is without merit. Concur—Friedman, J.P., Gonzalez, Buckley and Renwick, JJ.